Mr. Justice Milled
delivered the opinion of the court:
The appellant alleges that she filed a written request to the Court of Claims before its decree was rendered, that it would find, as a matter of fact, that the title and ownership of the property in question was in her, and that she was entitled to recover the proceeds thereof, now in the Treasury; and that the court refused to do this, but found, to the contrary, that she was not the owner of the captured property, and was not entitled to the proceeds of it in the Treasury.
Her counsel here claim that, under Eule V, regulating appeals from the Court of Claims, she is now entitled to have all the evidence which was before the Court of Claims brought here, and have this court decide the question which she propounded to that court.
And it is argued that these rules, by which is probably meant the fourth and fifth rules, regulating appeals from the Court of Claims, were adopted in order and to the end that disputed questions of fact might be brought here for review.
*283 This is a total misconception of tbe spirit if not the letter of those rules. It is not possible to look at the three first rules adopted when the appellate jurisdiction of this court was first exercised, without seeing that the purpose was to bring nothing here for review but questions of law, leaving the Court of Claims to exercise the functions of a jury in finding facts equivalent to a special verdict, and with like effect.
In practice it was found that the Court of Claims did not, in many cases, make the necessary finding of facts until after they had rendered their decree, and complaints were made here that the findings were often insufficient to present the law points on which parties relied, and of which they desired a review in this court.
To remedy these evils the fourth and fifth rules were adopted at the December term, A. D. 1869.
The fourth requires the Court of Claims to make and file their findings of facts in all cases where an appeal can be taken, in open court, at or before the time of entering their judgment. The fifth rule enables a party to obtain a finding of that court on any question of fact arising in the case and deemed by him essential to its decision. He has only to file a written request that, as to that point, the court will make a findiug. But it was never supposed that the party would ask, or the court must find the fact to bo as the party claimed it, and if they did not, that he could, for that reason, bring the whole testimony here to show that he was right. To do this would be to render useless all the rules adopted by this court, and to reverse the system on which wo have procoede'd from the first.
The rule does say that if the Court of Claims refuses to find as prayed the prayer and refusal-must be made part of the record. The remedial purpose of this rule is that when a party has, in writing, indicated a specific question of fact on which he desires the Court of Claims to make a finding, and the court has neglected or refused to do so, this court may be able to determine whether the question is one so necessary to the decision of the case that it will send it back for such finding.
In the present case the Court of Claims did make a very explicit finding on the question of fact presented by the request of plaintiff, and this is all the rule required, though the finding is contrary to her averment.
The motion is overruled.